897 F.2d 530
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carlos O'Dell STOCKTON and Mary Rebecca Stockton,
Plaintiffs-Appellants,
v.
GENERAL ACCIDENT INSURANCE CO., Defendant-Appellee.
 No. 89-5492.
 United States Court of Appeals, Sixth Circuit.
 March 6, 1990.
 
 On Appeal from the United States District Court for the Middle District of Tennessee, 88-00027, Morton, D.J.
 M.D.Tenn.
 VACATED AND REMANDED TO BE DISMISSED AS MOOT.
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 With his wife, accident victim Carlos O'Dell Stockton here appeals a judgment entered in favor of the defendant insurance company in what the plaintiffs describe as a "garnishment action." The Stocktons had previously obtained default judgments in a tort action brought in a Tennessee state court against both the driver and the owner of an ambulance in which Mr. Stockton had been injured. General Accident Insurance Co. had written a policy of insurance that covered the owner and the driver.
 
 
 2
 While the present case was pending in the district court, the default judgment against the owner of the ambulance was vacated on appeal and the case against it was dismissed. The default judgment against the driver was affirmed as to liability, but the judgment was vacated as to damages and the case was remanded for trial on that issue only.
 
 
 3
 In the present appeal, the Stocktons contend that this garnishment case was improperly removed from state court, that the action became moot after the Tennessee Court of Appeals decision, and that the insurance company had no policy defense in any event. We believe the removal was proper, but that the case became moot subsequent to removal. We shall therefore vacate the judgment of the district court and remand the matter with instructions to dismiss it for want of a case or controversy.
 
 
 4
 * Carlos O'Dell Stockton was injured while riding as a passenger in an ambulance operated by the DeShields and Ozment Ambulance Service. The ambulance was being driven by one Robert A. McCaleb. The ambulance service was covered by a liability insurance policy issued to it by General Accident Insurance Co. Mr. McCaleb had coverage under the policy as an "additional insured."
 
 
 5
 As a condition of paying a claim, the policy required that any insured must "[i]mmediately send copies of all notices or legal papers received in connection with the accident or loss." Several months after the accident, Mr. Stockton and his wife filed suit in Tennessee state court against the ambulance service and Mr. McCaleb. The defendants did not answer, and a default judgment was eventually entered against them in the amount of $180,000. As of the entry of that judgment no legal papers had been sent to the insurance company.
 
 
 6
 Three months later the Stocktons instituted a direct action in Tennessee state court against General Accident. The company removed the case to the United States District Court for the Middle District of Tennessee.[1] Shortly before the scheduled trial the plaintiffs voluntarily dismissed their case pursuant to Rule 41(a)(1), Fed.R.Civ.P. The present proceeding is essentially a reincarnation of the earlier suit. It too was commenced in Tennessee state court and removed to federal court. The district court denied a motion by the plaintiffs for a remand.
 
 
 7
 After a bench trial, the district court found that, as the plaintiffs conceded, the defendant insurance company had never received any papers in the tort action against the ambulance service and Mr. McCaleb. The district court went on to enter judgment for the insurance company. The court reasoned that either there was no effective service of process on the ambulance service and Mr. McCaleb, which would render the default judgments invalid, or those defendants did not forward the suit papers to General Accident, which would void coverage under the policy provision requiring immediate transmittal of legal papers. Plaintiffs promptly filed a motion under Rule 59, Fed.R.Civ.P., to set aside the judgment and for a new trial.
 
 
 8
 Five days before entry of the district court's judgment, and unbeknown to the court, the Tennessee Court of Appeals had vacated the default judgment against the ambulance service and dismissed the service from the case with prejudice. Stockton v. McCaleb, No. 88-95-II (Tenn.Ct.App. Dec. 9, 1988), permission to appeal denied, (Tenn. Apr. 3, 1989). In the same decision, the court of appeals affirmed the default against Mr. McCaleb but vacated the award of damages and remanded the case for a trial on damages only. These facts came to the attention of the district court before it acted on plaintiffs' Fed.R.Civ.P. 59 motion. In ruling on the motion the district court stated "[T]he court of appeals' invalidation of the default judgment now moots the question [of whether there was adequate service of process] since there is no longer any judgment creating a garnishable insurance obligation." But the court declined to amend its judgment and did not vacate its prior orders as moot.
 
 II
 
 9
 The plaintiffs contend that the present proceeding is not removable because it is ancillary or supplemental to the state court tort proceedings. 28 U.S.C. Sec. 1441(c) provides that when a "separate and independent claim" that would be removable by itself is joined with a non-removable claim, the district court has discretion to determine all the issues or to remand all matters not otherwise within its original jurisdiction. The implication is that a claim which is merely ancillary to a non-removable claim may not be removed, even if not formally "joined" with the latter claim.
 
 
 10
 The district court rejected the argument that the present proceeding is merely an adjunct of the non-removable state tort claim:
 
 
 11
 "Tennessee's present garnishment law now provides that the defendant-garnishee may file a written answer to the garnishment execution, thereby contemplating an adversarial proceeding in which the defendant-garnishee may deny any indebtedness owed to the defendants in the original lawsuit. See Tenn.Code Ann. Sec. 26-2-204. This type of adversarial proceeding is particularly likely in the case of a garnishment proceeding against the insurer-garnishee of the insured-defendant.
 
 
 12
 In the present case, the only issue is whether General Accident is liable under an insurance contract for payment of the judgment obtained by the plaintiffs in the state court proceeding. The issue of General Accident's liability is distinct and separate from the issues litigated in the state court proceeding. The characterization of the present action as a 'garnishment proceeding' does not render the action supplemental to the state court proceeding." Stockton v. General Accident Ins. Co., No. 2-88-0027, slip op. at 3-4 (M.D.Tenn. June 30, 1988).
 
 
 13
 We agree with the district court on this point. The defense that the insureds had failed to comply with the conditions of the insurance policy was not an issue in the state court tort proceeding, and although the defense of the invalidity of the default judgment was being litigated at that time in the Tennessee system, the existence of a parallel state proceeding does not divest the federal court of jurisdiction if it otherwise has it. McClellan v. Carland, 217 U.S. 268, 282 (1910). The federal court may abstain from exercising that jurisdiction only under "exceptional" circumstances. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817-19 (1976). Whichever litigation terminated first would become res judicata as to that issue in the other case.
 
 
 14
 The plaintiffs also argue that removal was improper because of the proviso in 28 U.S.C. Sec. 1332(c) that says that in any "direct action" against a liability insurer, where the insured is not joined as a party-defendant, the insurer shall be deemed a citizen of the state in which the insured is a citizen. If the proviso is applicable here, it destroys diversity because of the fact the citizenship of the plaintiffs in this case is the same as the citizenship of the insureds.
 
 
 15
 The general understanding in this circuit has been that the term "direct action," as used in the proviso, means an action that under applicable state law may be brought directly against the insurer by the tort claimant prior to entry of any judgment against the alleged tortfeasor. See Carvin v. Standard Accident Ins. Co., 253 F.Supp. 232, 234 (E.D.Tenn.1966), and Cunningham v. State Farm Mut. Auto. Ins. Co., 297 F.Supp. 1138 (E.D.Tenn.1969) (citing Henderson v. Selective Ins. Co., 369 F.2d 143, 149 (6th Cir.1966)).
 
 
 16
 The plaintiffs claim that despite these cases, the scope of the direct action provision has been broadened over the years. The cases plaintiffs cite in support of this proposition, however, do not go to the issue of whether a judgment creditor's suit against an insurer is a direct action, but whether actions against insurers in the non-tort contexts of workers' compensation (Aetna Casualty & Surety Insurance Co. v. Greene, 606 F.2d 123 (6th Cir.1979)) and no-fault insurance (Ford Motor Co. v. Insurance Co. of North America, 669 F.2d 421 (6th Cir.1982)) were comprehended by the provision. In the present case, a valid judgment against Mr. McCaleb or the Service is a prerequisite to any action by the plaintiffs against General Accident. In our opinion, therefore, the plaintiffs' case is not a "direct action" within the meaning of Sec. 1332(c).
 
 III
 
 17
 This brings us to the question of mootness. Tenn.Code Ann. Sec. 26-2-202 provides, in pertinent part, "All property, debts and effects of the defendant in the possession of the garnishee, or under his control, shall be liable to satisfy the plaintiff's judgment ...." (Emphasis supplied.) Implicit in this section is the understanding that before there can be a garnishment, there must be a money judgment for a sum certain. In the absence of such a judgment against Mr. McCaleb, there is no way for anyone to know for how much, if anything, defendant General Accident may be liable. The garnishment case clearly became moot when the Tennessee Court of Appeals dismissed the Service and vacated the damages against Mr. McCaleb.
 
 
 18
 At oral argument, however, defense counsel argued that although the garnishment action itself was moot, the insurance company's answer to the complaint was in the nature of a request for a declaratory judgment that it could have no obligation to plaintiffs. We are not persuaded.
 
 The declaratory judgment statute provides:
 
 19
 "In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought...." 28 U.S.C. Sec. 2201(a) (emphasis supplied).
 
 It is true that courts of appeals have the
 
 20
 "... power to order the entry of a declaratory judgment for the defendants, even in the absence of a formal counterclaim demanding such relief. American Cas. Co. v. Windham, 107 F.2d 88 (5th Cir.1939), cert. denied, 309 U.S. 674, 60 S.Ct. 714, 84 L.Ed. 1019 (1940); Penn Mut. Life Ins. Co. v. Forcier, 103 F.2d 166 (8th Cir.), cert. denied, 308 U.S. 571, 60 S.Ct. 86, 84 L.Ed. 479 (1939)." International Longshoremen's Ass'n, AFL-CIO v. Seatrain Lines, Inc., 326 F.2d 916, 921 (2d Cir.1964) (granting relief to defendants).
 
 
 21
 In Seatrain, however, the plaintiffs had requested a declaratory judgment, and the defendants' answers had used language suggestive of a request for declaratory relief. In Windham and Forcier, similarly, the plaintiffs had sued for declaratory judgments. That is not the case here; in their action against General Accident, the Stocktons sought only coercive relief. Nothing in General Accident's answer requests declaratory relief, and if such relief had been sought, it would have been necessary to join the ambulance service and McCaleb as parties. This was never done.
 
 
 22
 Assume for a moment that General Accident had filed a counterclaim for declaratory judgment against the Stocktons. Assume further that the district court granted such relief, declaring that General Accident would never have to pay the Stocktons anything because Mr. McCaleb did not comply with the suit-forwarding provisions of the policy. Assume that the Stocktons then obtained a money judgment in Tennessee state court against Mr. McCaleb. Not having been a party to the declaratory judgment action, McCaleb would be perfectly free to sue General Accident for indemnification under the policy.
 
 
 23
 This scenario demonstrates that General Accident could not have viewed its answer to the garnishment action as a counterclaim for a declaratory judgment. Otherwise it would have joined the insureds as defendants. The ambulance service was, and Mr. McCaleb was and is, a party who "shall be joined" if feasible under Rule 19(a), Fed.R.Civ.P.[2] They clearly were subject to service, and their presence in alignment with the Stocktons on the issue of policy defenses would not have destroyed diversity. And as noted above, their absence from a declaratory judgment action would prevent the district court from giving complete declaratory relief to General Accident.
 
 
 24
 Had the district court been faced with the scenario posited above, it would have been obliged sua sponte to order the joinder of the ambulance service and Mr. McCaleb. See Macklin v. Butler, 553 F.2d 525, 531 (7th Cir.1977) (per curiam) (reversing and remanding where non-parties who ought to have been joined under Rule 19(a) were not). Failing such a joinder, the court would have been obliged to dismiss a declaratory judgment action against the Stocktons alone. The factors to consider are:
 
 
 25
 "(1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race for res judicata;' (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective."
 
 
 26
 Grand Trunk W.R.R. v. Consolidated Rail Corp., 746 F.2d 323 (6th Cir.1984); see also Panhandle E. Pipe Line Co. v. Michigan Consol. Gas Co., 177 F.2d 942, 944 (6th Cir.1949) ("no declaration should be made unless it serves a useful, practical purpose").
 
 
 27
 General Accident's action for a declaratory judgment in the absence of the insureds would fail the first, second, and fifth prongs of the Grand Trunk test. "[W]here the Court of Appeals is of the opinion that the case is an inappropriate one for declaratory judgment, it 'should decline to advise the parties as to the law and refuse to decide the issues presented.' " Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co., 791 F.2d 460, 462 (6th Cir.1986) (quoting Grand Trunk, 746 F.2d at 326).
 
 
 28
 We conclude, therefore, that General Accident did not assert a claim for a declaratory judgment. The only cause tried below was plaintiffs' original garnishment action, which everyone agrees became moot. When the Tennessee Court of Appeals set aside the money judgment in favor of the Stocktons, the case or controversy that had existed between the Stocktons and General Accident went by the boards. The district court therefore was divested of subject matter jurisdiction before it issued its initial judgment. U.S. Const. art. III, Sec. 2, cl. 1.
 
 
 29
 When the district court recognized the case was moot--while it was considering plaintiffs' Rule 59 motion--it should have vacated its prior orders instead of refusing to alter or amend the judgment. A "court will not proceed to adjudication where there is no subject-matter on which the judgment of the court can operate." Ex parte Baer, 177 U.S. 378, 390 (1900). If the trial court's judgment and prior orders are not vacated, one party would have the benefit of a res judicata decision without the other party being able to appeal because of the mooting of the action. See United States v. Munsingwear, 340 U.S. 36, 39 (1950) (upholding res judicata effect of prior judgment against United States where appeal was dismissed as moot and United States failed to seek or obtain vacation of that judgment).
 
 
 30
 Our responsibility, then, is clear. "Where it appears on appeal that the controversy has become entirely moot, it is the duty of the appellate court to set aside the decree below and to remand the cause with directions to dismiss." Duke Power Co. v. Greenwood County, 299 U.S. 259, 267 (1936).
 
 
 31
 The judgment of the district court is VACATED and the matter is REMANDED to that court to be DISMISSED as moot.
 
 
 
 [1]
 The Stocktons, like Mr. McCaleb and the ambulance service, are citizens of Tennessee. General Accident is a New York corporation with its principal place of business in Pennsylvania
 
 
 [2]
 "Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action."
 Fed.R.Civ.P. 19(a).