Ella Louise **KORMANIK**, Admin., et al., Plaintiffs,

v.

**ST. PAUL FIRE AND MARINE INS. CO.**, Defendant.

No. 5:01CV02122.

United States District Court, N.D. Ohio, Eastern Division.

Oct. 19, 2001.

A. William Zavarello, Zavarello & Davis, Akron, OH, for defendants.

Paul D. Eklund, Davis & Young, Cleveland, OH, for defendant.

### MEMORANDUM OF OPINION AND ORDER

POLSTER, District Judge.

Before the Court is Plaintiffs' Motion to Remand Case to Summit County Court of Common Pleas (ECF No. 11). For the reasons stated below, Plaintiffs' motion is **GRANTED.**

### I. BACKGROUND

On August 3, 2001, Plaintiffs filed a wrongful death and survivorship action against Defendant St. Paul Fire and Marine Insurance Company in the Summit County Court of Common Pleas. (ECF No. 1, Ex. A). In the Complaint, Plaintiffs allege that on August 3, 1999, Amie Kormanik, who was the daughter of Ella Louise Kormanik, died as the result of an automobile accident. Because the tortfeasors involved in that action were underinsured, Plaintiffs now seek damages from Defendant, the insurer of Ella Louise Kormanik's former employer, pursuant to the Ohio Supreme Court's decision in *Scott–Pontzer v. Liberty Mutual Fire and Ins. Co.*, 85 Ohio St.3d 660, 710 N.E.2d 1116 (1999).

On September 5, 2001, Defendant removed the action to this Court pursuant to 28 U.S.C. § 1441(a). (ECF No. 1). Defendant contends that this Court has diversity jurisdiction over the case because Plaintiffs are citizens of Ohio, Defendant is a citizen of Minnesota, and the amount in controversy exceeds $75,000. *Id.* at 2. On October 4, 2001, Plaintiffs filed a Motion to Remand (ECF No. 11), in which they argue that complete diversity does not exist because Defendant is a citizen of both Minnesota and Ohio.

### II. LEGAL ANALYSIS

For purposes of diversity jurisdiction, a corporation is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). When a corporation is an insurer, citizenship also may be predicated upon the citizenship of the insured. According to the express terms of 28 U.S.C. § 1332(c)(1) ("the diversity-limiting provision"):

[I]n any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principle place of business.

In this case, the only named defendant is St. Paul Fire and Marine Insurance Company. Defendant's insured, W.G. Lockhart Construction Company, is an Ohio corporation with its principal place of business in Ohio. Thus, if the provision quoted above applies to this case, Defendant must be deemed a citizen of Ohio and diversity will be lacking.

Defendant argues that the provision does not apply because this case is not a "direct action" within the meaning of the statute. In support of its position, Defendant points to *Henderson v. Selective Ins. Co.*, 369 F.2d 143 (6th Cir.1966) and *Stockton v. General Accident Ins. Co.*, 897 F.2d 530, 1990 WL 20477 (6th Cir.1990), unpublished. In *Henderson,* the Sixth Circuit held that the diversity-limiting provision did not apply in a case brought by judgment creditors of a negligent driver against insurers for an automobile salesman and an automobile dealership that allowed the negligent driver to drive one of

the dealership's vehicles. The court based its decision upon legislative history indicating that the provision had been enacted solely for the purpose of addressing "... a situation arising in the States of Wisconsin and Louisiana, as a result of the enactment of 'direct action' statutes in those states permitting suits directly against the insurance companies without joining the insured." *Id.* at 149.

In *Stockton v. General Accident Ins. Co.*, the Sixth Circuit held that a garnishment lawsuit brought by judgment creditors against an insurer was not a direct action for purposes of § 1332(c). 897 F.2d 530, 1990 WL 20477. The court found that a "direct action" for purposes of § 1332(c), is "an action that under applicable state law may be brought directly against the insurer by the tort claimant prior to entry of any judgment against the alleged tortfeasor." *Id.* at *3. Based upon this definition, the court concluded that the lawsuit before it was not a direct action because a valid judgment against the insured tortfeasors was a prerequisite to any garnishment action by the plaintiffs against the insurer. *Id.*

The Court finds that neither of the above cases requires a finding that the diversity-limiting provision does not apply in this case. In *Henderson*, the Sixth Circuit explicitly recognized that the provision was adopted in an effort to address the increasing case burden faced by federal courts as the result of state laws which created diversity where it would not have existed before. *Henderson*, 369 F.2d at 149. The Sixth Circuit's decision in *Ford Motor Co. v. Insurance Co. of North America*, 669 F.2d 421 (6th Cir.1982), further expanded upon this view. In that case, the Sixth Circuit held that the diversity-limiting provision of § 1332(c) stripped the district court of diversity jurisdiction over an action filed by a plaintiff directly against an insurer pursuant to Michigan's no–fault insurance statute. The court noted that although it had initially given a narrow reading to the diversity-limiting provision, its application should not be limited "to the specific conditions which gave it birth." *Id.* at 425. The court concluded that the no-fault suits against insurers pursuant to the Michigan statute constituted "direct actions" within the meaning of § 1332(c) because they resulted in the same type of "back-door diversity" that the provision was intended to prevent. *Id.* at 426.

Much like the "direct action" statutes enacted by the legislatures in Wisconsin and Louisiana and Michigan's no-fault insurance statute, the *Scott–Pontzer* line of cases has resulted in a burgeoning number of cases that would not otherwise have fallen within the diversity jurisdiction of the federal courts. Thus, the same policy reasons that prompted the addition of the diversity restricting provision to § 1332(c) in the first place apply with equal force to *Scott–Pontzer* actions. Furthermore, the unsettled nature of the law surrounding such actions frequently leaves district courts in the difficult position of attempting to guess how the Ohio Supreme Court would rule given a particular set of circumstances. It makes far more sense for a state court to address these unsettled issues because then the Ohio Supreme Court would have an opportunity to correct any errors that might be made.

The Sixth Circuit's decision in *Stockton* is not determinative because it involved an entirely different type of action. *Stockton* concerned an attempt by plaintiffs who obtained default judgments against two tortfeasors to collect on those judgments by filing a separate lawsuit against the tortfeasors' insurer. 897 F.2d 530. This case is not a collection or garnishment action based upon a previous judgment against a tortfeasor. Rather, as is permit-

ted by *Scott–Pontzer* and its progeny, it is a direct action against the insurer of a company that was not even involved in the accident. Such actions do not require a prior entry of judgment against the tortfeasor [1] and therefore do not fall outside of the Sixth Circuit's definition of a "direct action."

### III. CONCLUSION

For the reasons stated above, the Court finds that the above-captioned suit is a "direct action" against an insurer within the meaning of 28 U.S.C. § 1332(c). Because Defendant is a citizen of both Minnesota and Ohio, complete diversity does not exist and the Court is without jurisdiction over the case. Accordingly, Plaintiffs' Motion to Remand Case to Summit County Court of Common Pleas (ECF No. 11) is **GRANTED.**

**IT IS SO ORDERED.**

---

1. An allegation that the tortfeasor either has no insurance or has insurance insufficient to cover the Plaintiff's injuries will suffice.