Karen ADAMS, et. al.   Plaintiff

v.

ESTATE OF John S. KECK
and Continental Insurance
Company Defendants

Continental Insurance Company
Plaintiff

v.

Estate of John S. Keck Defendant

Nos. CIV.A. 3:01CV–222–
S, 3:01cv–333–S.

United States District Court,
W.D. Kentucky.
At Louisville.

Jan. 25, 2002.

Donald L. Cox, Lynch, Cox, Gilman & Mahan, P.S.C., Louisville, KY, for Karen Adams, Andrew Jason Slentz.

John D. Cox, Mary Janice Linter, Donald L. Cox, Lynch, Cox, Gilman & Mahan, P.S.C., Louisville, KY, for John S. Keck.

Christpoher S. Burnside, William Edward Skees, Griffin Terry Sumner, Frost, Brown & Todd, Louisville, KY, for Continental Ins. Co.

### MEMORANDUM OPINION

SIMPSON, District Judge.

These matters are before the court on several motions filed in the above-styled cases.  As the motions are somewhat interdependent, we will discuss and dispose of all of them herein.  The first is plaintiffs Karen Adams and Andrew Jason Slentz's ("Adams and Slentz") Motion to Remand

the Motion to Remand *Adams v. Estate of John S. Keck and Continental Ins. Co.* for Lack of Subject Matter Jurisdiction filed July 5, 2001, which we will treat as a motion to withdraw. The second is Adams and Slentz's Motion to Remand *Adams* for Lack of Subject Matter Jurisdiction and for Costs and Attorney's Fees filed July 18, 2001. The third is the defendant Estate of John S. Keck's ("Estate") Motion to Dismiss *Continental Ins. Co. v. Estate of John S. Keck.* The fourth is the defendant/plaintiff Continental Insurance Company's ("Continental") Motion to Consolidate the two litigations. For the reasons stated below, we will grant the first and fourth motions and deny the second and third motions.

### BACKGROUND

These cases arise from a shooting incident in which the Estate's decedent is said to have injured Adams and Slentz. It is alleged that the decedent was insane and unable appreciate or control his conduct at the time of the shooting. (Pltf.Am.Compl.¶ 12). Adams and Slentz, citizens of Kentucky and Indiana, respectively, subsequently brought a suit for damages against the Estate, a Kentucky citizen, and Continental, a New York corporation with Chicago as its principal place of business, in Jefferson County, Kentucky Circuit Court. The decedent held a homeowner's insurance policy issued by Continental. Adams and Slentz's claim against the Estate is grounded in tort. (Pltf.Am.Compl.¶ 12–13). Their claim against Continental alleges its policy provision excluding injuries or damages caused by the intentional or criminal acts of a covered person, even if the covered person

lacked "the mental capacity to govern his or her conduct," conflicts with KRS Chapter 344, which creates and defines civil rights violations. (Pltf.Am.Compl.¶ 19). Adams and Slentz also allege the exclusion provision is unenforceable as contrary to Kentucky public policy. (Pltf.Am.Comp.¶ 21).

Continental removed the suit to this court on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441 after Adams and Slentz indicated they had reached a settlement agreement with the Estate. (Def. Notice of Removal ¶ 5). The settlement agreement admits liability and surrenders all of the Estate's assets to Adams and Slentz. The issue of damages is still in dispute. (Pltf. Mem. Mot. Remand p. 2). However, Adams and Slentz's attorney is now also representing the Estate in all litigation with Continental. (Pltf. Mem. Mot. Remand p. 3, n. 1).[1]

Continental also filed a separate suit seeking declaratory relief regarding its coverage obligations for Adams and Slentz's claims. (Pltf.Compl.Decl.Judg.).

### DISCUSSION

#### I. Motion to Remand the Motion to Remand *Adams* for Lack of Subject Matter Jurisdiction

Adams and Slentz mistakenly filed their first Motion to Remand for Lack of Subject Matter Jurisdiction in the *Continental* action rather than the *Adams* action. (Pltf. Mot. Remand Mot. Remand). We will allow this motion to be withdrawn.

---

1. Adams and Slentz indicate that their counsel is representing the Estate as the result of an assignment of claims against Continental to Adams and Slentz. (Pltf.Mem.Mot.Rem. P. 3, n. 1). However, in their reply memorandum, Adams and Slentz assert that the assign-

ment has since fallen through. (Pltf. Reply Mem. p. 3). Since we have not been told otherwise, we assume that Adams and Slentz's counsel continues to represent the Estate.

## II. Motion to Remand Adams for Lack of Subject Matter Jurisdiction and for Costs and Attorney's Fees

Adams and Slentz argue their suit was improperly removed to this court because their settlement did not result in dismissal of the Estate as a party and thus did not create complete diversity. They also argue that since the issue of damages remains in dispute the Estate remains a valid party and destroys diversity under 28 U.S.C. § 1332. We disagree.

The reasoning of *Lesher by Lesher v. Andreozzi*, 647 F.Supp. 920 (M.D.Pa. 1986) is persuasive. In *Lesher* the plaintiffs entered into a settlement agreement with the non-diverse defendants but did not formally dismiss them from the action. The court found the settlement agreement effectively extinguished the plaintiffs' claims against the non-diverse defendants. Removal based upon diversity was therefore proper because "absent an adverse interest between [the parties], the [non-diverse defendants] can no longer be viewed as defendants." *Id.* at 922; *see also Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69, 62 S.Ct. 15, 17, 86 L.Ed. 47 (1941)("To sustain diversity jurisdiction there must exist an "actual," "substantial" controversy between citizens of different states...."). Adams and Slentz argue that *Lesher* is distinguishable because it involved a complete settlement while their settlement with the Estate reserved the determination of damages for trial. However, the Estate has agreed to transfer all of its assets to Adams and Slentz. (Pltf. Reply Mem. p. 2). Since the Estate has admitted liability and agreed to surrender all assets to Adams and Slentz, there is no true adverse interest remaining between the parties. The remaining damage issue is a sham, at least as far as the Estate is concerned.

Further, Adams and Slentz's counsel is also representing the Estate. It can hardly be contended that these parties are adverse when they have the same lawyer.

For purposes of determining diversity, we are not bound by Adams and Slentz's characterization of the Estate as a defendant. "Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who are defendants." *Indianapolis*, 314 U.S. at 69, 62 S.Ct. 15. Because the Estate has no interest adverse to Adams and Slentz, it is not properly characterized as a defendant. Complete diversity exists between the plaintiffs Adams and Slentz and defendant Continental. Removal was therefore proper.

Plaintiff alternatively argues that even if the Estate is ignored for purposes of determining diversity, Continental is not diverse because its is deemed to have the same citizenship as its insured pursuant to 28 U.S.C. § 1332(c)(1):

> For the purposes of this section and section 1441 of this title ... a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

"[T]he proviso was enacted ... as a result of the enactment of 'direct action' statutes ... permitting suits directly against insurance companies without joining the insured." *Henderson v. Selective Ins. Co.*, 369 F.2d 143, 149 (6th Cir.1966); *see also Watkins v. Allstate Ins. Co.*, 503

F.Supp. 848, 850 (E.D.Mich.1980) ("[T]he intent of the statute was to preclude diversity jurisdiction where the state law authorizes a direct tort action by a person injured by a tortfeasor against the tortfeasor's insurance carrier where the tortfeasor is not a party.") Kentucky law does not authorize such direct actions. *See State Automobile Mut. Ins. Co. v. Empire Fire & Marine Ins. Co.*, 808 S.W.2d 805, 807–808 (Ky.1991)(citing *Cuppy v. General Accident Fire & Life Assur. Co.*, 378 S.W.2d 629 (Ky.1964))("Kentucky is not a direct action jurisdiction. In ordinary circumstances, an injured party must first obtain judgment against the opposing party defendant and then seek enforcement of the judgment rendered in an action against the defendant's indemnitor."). As a direct action may not be brought under Kentucky law, 28 U.S.C. § 1332(c)(1) will not be applied here.

Adams and Slentz argue that while 28 U.S.C. § 1332(c)(1) was intended to apply to tort actions against insurers in states with direct action statutes, the Sixth Circuit has expanded it to other insurance contexts. *See, e.g., Aetna Casualty & Surety Ins. Co. v. Greene*, 606 F.2d 123 (6th Cir.1979)(workers' compensation insurance); *Ford Motor Co. v. Insurance Co. of North America*, 669 F.2d 421 (6th Cir. 1982)(no-fault insurance). However, the Sixth Circuit has continued to find that no direct action exists for purposes of 28 U.S.C. § 1332(c)(1) if a valid judgment against the insured is a prerequisite for an action against the insurer. *See Stockton v. General Accident Ins. Co.*, 1990 WL 20477, * 2 (6th Cir.1990). Here, a judgment on liability is necessary before any claim that Continental improperly denied coverage for such liability can be brought. Thus, this action cannot be considered "direct" under 28 U.S.C. § 1332(c)(1). The fact that a settlement as to liability was reached here, and no judgment against the insured was in fact obtained, does not ab-

rogate the conclusion that this is not a direct action and 28 U.S.C. § 1332(c)(1) does not apply.

We conclude, on the odd and obviously Machiavellian facts presented, that we have diversity jurisdiction and that removal based on diversity was proper. Remand will therefore be denied.

### III. *Motion to Dismiss Continental*

The Estate contends that Continental's Declaratory Judgment action should be dismissed because it parallels a pending state court action arising from the same facts. This is premised upon the notion that Continental's removal of Adams and Slentz's suit was improper. Because we have found this removal proper, the motion by the Estate fails in its premise and will be denied.

### IV. *Motion to Consolidate Adams and Continental*

Under Federal Rule of Civil Procedure 42(a) "[w]hen actions involving a common question of law or fact are pending before the court … it may order all the actions consolidated." Here, *Adams* and *Continental* involve the same legal and factual issues, specifically Continental's coverage obligations, as well as the same parties. Further, we have determined above that this court has proper jurisdiction over both actions. Continental's Motion to Consolidate will be granted.

An order in conformity will be entered this date.