Lee Ann DUNCH, Individually and as Administrator of the Estate of Dale R. Dunch; Danielle M. Dunch, a minor, by and through Lee Ann Dunch; Angel E. Dunch, a minor, by and through Lee Ann Dunch, Plaintiffs–Appellees,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, Pennsylvania, Defendant–Appellant.

No. 02–3510, 02–3781.

United States Court of Appeals, Sixth Circuit.

Aug. 13, 2002.

Before KENNEDY, SUHRHEINRICH, and BATCHELDER, Circuit Judges.

## *ORDER*

The defendant appeals a district court order remanding this case to the state court from which it was removed upon a finding that subject matter jurisdiction was lacking. The plaintiffs now move to dismiss No. 02–3510 for lack of appellate jurisdiction. The motion is made pursuant to 28 U.S.C. § 1447(d), which provides that an order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise. The defendant opposes the motion.

The plaintiffs' claim against the defendant is based on the Ohio Supreme Court's decision in *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.*, 85 Ohio St.3d 660, 710 N.E.2d 1116 (Ohio 1999). There is currently a split in the Northern District of Ohio on whether *Scott–Pontzer* type cases are "direct action[s] against the insurer of a policy or contract of liability insurance" for purposes of 28 U.S.C. § 1332(c)(1). *See Fellows v. Genesis Ins. Co.*, 201 F.Supp.2d 795, 798 (N.D.Ohio 2002) (discussing district split). In the present case, the district court concluded that diversity

jurisdiction did not exist because the plaintiffs' claim constituted a direct action under § 1332(c)(1). Section § 1332(c)(1) states, in relevant part, that an "insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business ...." Having determined that subject matter jurisdiction was lacking, the district court remanded the plaintiffs' case to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c), which requires that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The defendant has filed two notices of appeal from that order. The appeals are docketed as Case Nos. 02–3510 and 02–3781. For the reasons set forth herein, we conclude that we lack jurisdiction in both cases.

Title 28 U.S.C. § 1447(d) bars review of remand orders to state courts when the order "fall[s] into either category of remand order described in § 1447(c) ... lack of subject matter jurisdiction or defects in removal procedure." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). *See Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 346, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976); *Zuniga v. Blue Cross and Blue Shield of Michigan*, 52 F.3d 1395, 1400 (6th Cir.1995). The defendant claims, however, that the district court did not remand the case for lack of jurisdiction but to relieve congestion of its docket. In *Thermtron*, the district court entered an order remanding a properly removed case out of concern for an overburdened docket. The Supreme Court reviewed the order because it was not based on grounds specified in § 1447(c) and held that the district court had exceeded its statutorily defined power by remanding the case "on grounds

... not recognized by the controlling statute." *Thermtron*, 423 U.S. at 351. In those district court cases which hold that *Scott–Pontzer* type lawsuits are "direct actions" for purposes of § 1332(c)(1), the courts have sometimes observed that § 1332(c)(1) was intended by Congress to remedy the docket problems resulting from "direct action statutes [which] tend to expand diversity jurisdiction by doing away with an injured party's obligation to join an insured who is a resident of the same state." *Aetna Cas. & Sur. Ins. Co. v. Greene*, 606 F.2d 123, 125 (6th Cir.1979). *See, e.g., Kormanik v. St. Paul Fire & Marine Ins. Co.*, 208 F.Supp.2d 824 (N.D.Ohio 2001). According to the defendant, this runs afoul of the Court's decision in *Thermtron*. The defendant is mistaken. A district court does not exceed its statutorily defined power merely by considering why Congress enacted a particular statute. So long as a remand is authorized by statute, as it was in the present case, the prohibition in *Thermtron* is not implicated.

Neither can it reasonably be argued, as the defendant does, that "[t]he proper construction of 28 U.S.C. § 1332(c) is an issue that is separate and apart from any jurisdictional conclusions that result therefrom, and therefore is subject to review by the Sixth Circuit in this matter." Under the "substantive decision" exception to § 1447(d)'s bar to appellate review established in *City of Waco, Tex. v. United States Fidelity & Guar. Co.*, 293 U.S. 140, 55 S.Ct. 6, 79 L.Ed. 244 (1934), "a remand order is reviewable on appeal when it is based on a substantive decision on the merits of a collateral issue as opposed to just matters of jurisdiction." *Regis Associates v. Rank Hotels (Management) Ltd.*, 894 F.2d 193, 194 (6th Cir.1990). *See Anusbigian v. Trugreen/Chemlawn, Inc.*, 72 F.3d 1253, 1256 (6th Cir.1996). The district court in this case looked at the proper

**920**

construction of § 1332(c)(1) solely for the purpose of determining subject matter jurisdiction. The court's conclusion that the plaintiffs' claim was governed by § 1332(c)(1) had no relevance independent of its determination that it lacked subject matter jurisdiction. *See Excimer Associates, Inc. v. LCA Vision, Inc.*, 292 F.3d 134, 139 (2d Cir.2002). Moreover, review is barred even if the district court's conclusion was in error. Section 1447(d) "prohibits review of all remand orders issued pursuant to § 1447(c) whether erroneous or not and whether review is sought by appeal or by extraordinary writ." *Thermtron*, 423 U.S. at 343.

The defendant additionally argues that in *Northbrook Nat. Ins. Co. v. Brewer*, 493 U.S. 6, 110 S.Ct. 297, 107 L.Ed.2d 223 (1989), the Supreme Court "accepted *certiorari* of the precise issue of whether a particular action constitutes a 'direct action' under 28 U.S.C. § 1332(c)." However, in *Northbrook* the plaintiff's workers' compensation action was brought in federal court. There was no removal based on diversity of citizenship or remand pursuant to § 1447(c); therefore, § 1447(d)'s bar to appellate review was inapplicable. For the same reason, the cases cited by the defendant in support of its constitutional claims are inapposite.

The plaintiffs' motion to dismiss No. 02–3510 is **GRANTED**. The defendant's appeal in No. 02–3781 is **DISMISSED** *sua sponte*.