Edward L. WEAVER; Deborah A. Weaver, LEGAL GUARDIANS FOR Morgan E. WEAVER, Plaintiffs–Appellees,

v.

AMERICAN STATES INSURANCE CO., Defendant,

CONTINENTAL CASUALTY CO., Defendant–Appellant.

Nos. 01–4345, 02–3036.

United States Court of Appeals, Sixth Circuit.

Aug. 6, 2003.

Before MERRITT and BATCHELDER, Circuit Judges, and DUPLANTIER, District Judge.*

BATCHELDER, Circuit Judge.

Appellees Edward and Deborah Weaver, both citizens of Ohio, filed this action in the Northern District of Ohio on behalf of their ward, Morgan Weaver, against the defendant insurance companies, neither of which is a citizen of Ohio. The complaint sought a declaratory judgment concerning the uninsured/underinsured motorist coverage available to Morgan Weaver through Deborah Weaver's employer's commercial insurance policies pursuant to the rule in *Scott–Pontzer v. Liberty Mut. Fire & Ins. Co.*, 85 Ohio St.3d 660, 710 N.E.2d 1116, 1119–20 (1999)(permitting employees to sue employer's commercial insurance carrier to recover underinsured motorist benefits). The district court, relying on *Kormanik v. St. Paul Fire & Marine Ins. Co.*, 208 F.Supp.2d 824 (N.D.Ohio 2001), found that the Appellees *Scott–Pontzer* complaint was a direct action within the meaning of 28 U.S.C. § 1332(c), and therefore the district court dismissed the action without

prejudice for lack of subject matter jurisdiction. This appeal followed.

*Kormanik* is no longer good law in this circuit. A panel of this court has recently held that *Scott–Pontzer* actions are *not* direct actions within the meaning of 28 U.S.C. § 1332(c). *see Lee–Lipstreu v. Chubb Group of Ins. Cos.*, 329 F.3d 898 (6th Cir.2003), and where the ordinary requirements of 28 U.S.C. § 1332 diversity are met, federal courts retain subject matter jurisdiction over *Scott–Pontzer* actions. See *id.* at 900. In the case before us here, there is no dispute that the ordinary requirements of diversity have been met.

Accordingly, the decision of the district court is REVERSED, and the case is REMANDED for further proceedings consistent with this decision.