**ESTATE OF Jason MONAHAN, by Rebecca Monahan, Administratrix, Plaintiff–Appellant,**

v.

**AMERICAN STATES INSURANCE CO.; American Economy Insurance Co., Defendants–Appellees.**

No. 02–3117.

United States Court of Appeals, Sixth Circuit.

Aug. 27, 2003.

Kenneth L. Gibson, Weick, Gibson & Lowry, Cuyahoga Falls, OH, Stanley P. Aronson, Aronson & Associates, Akron, OH, for Plaintiff–Appellant.

James A. Sennett, William & Sennett, Adam E. Carr, Williams, Sennett & Scully, Twinsburg, OH, for Defendant–Appellee.

Before BATCHELDER and CLAY, Circuit Judges; and SCHWARZER, Senior District Judge.*

CLAY, Circuit Judge.

Rebecca Monahan, administratrix of the Estate of Jason Monahan (the "Estate"), appeals on behalf of the Estate from the district court's order dismissing the Estate's case for lack of subject matter jurisdiction. The Estate had filed suit against Defendant American States Insurance Co. ("American States") and others, seeking a declaratory judgment determining that these insurance companies provided uninsured/underinsured motorist (UM/UIM) coverage for the Estate's damages under policies issued to Monahan's employer. However, the district court determined that the Estate's claim was a "direct action" under 28 U.S.C. § 1332(c)(1), which destroyed its asserted diversity jurisdiction under 28 U.S.C. § 1332, and it dismissed the case for lack of subject-matter jurisdiction. The Estate argues on appeal that the present suit is not a "direct action," and thus subject matter jurisdiction exists.[1] For the reasons that follow, we **REVERSE** the district court's judgment and **REMAND** for further proceedings.

I

On October 25, 1992, in Summit County, Ohio, Jason Monahan was a passenger in a rented limousine returning home from a high school dance. The limousine was struck by an uninsured driver, and Jason died as a result of injuries he sustained in the accident. At the time of the accident, Jason was employed by Exchange Printing. Exchange Printing had two American States commercial liability policies: an Economy Package Policy (the "Economy policy") and a Super–Shield Umbrella Liability Policy (the "Umbrella policy").

On May 10, 2000, the Estate filed a complaint against American States and Safeco Insurance Company ("Safeco") in the Northern District of Ohio. The complaint sought a declaratory judgment determining that these insurance companies provided Jason with UM/UIM coverage under the two insurance policies issued to Exchange Printing, pursuant to the Ohio Supreme Court's decision in *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.*, 85 Ohio St.3d 660, 710 N.E.2d 1116 (1999).[2] The

---

* The Honorable William W. Schwarzer, Senior United States District Judge of the Northern District of California, sitting by designation.

1. Defendants American States and American Economy elected not to participate in this appeal.

2. In *Scott–Pontzer*, the Ohio Supreme Court held that employees may recover UM/UIM benefits from their employer's automobile insurance carrier. 710 N.E.2d at 1119–20. The holding was based on the policy's definition of an "insured," which was defined as "you." The Ohio Supreme Court reasoned that "you" is ambiguous when the policy is issued to a corporation or other legal entity, and therefore, upon construing the ambiguity against the drafter, must necessarily include employees. *Id.* at 1119. The court further held that employees are entitled to UM/UIM benefits, even when the policy did not provide such coverage, or the employee was not within the scope of employment at the time of the accident. *Id.* at 1120. The Ohio Supreme Court subsequently extended *Scott–Pontzer* in holding that employees' family members are also entitled to coverage under these UM/UIM policies. *Ezawa v. Yasuda Fire & Marine Ins. Co. of Am.*, 86 Ohio St.3d 557, 715 N.E.2d 1142 (1999). Since these rulings, a significant number of "*Scott–Pontzer* claims" have been filed in, or removed to, Ohio's federal

complaint premised its subject matter jurisdiction upon diversity of citizenship. pursuant to 28 U.S.C. § 1332.

Defendant American States filed an answer on behalf of itself and American Economy Insurance Co. ("American Economy"), which was also identified as a real party in interest. Defendants also filed Third Party Complaints bringing in additional parties based upon diversity jurisdiction. (*Id.*) Defendant Safeco was subsequently dismissed as a party defendant by stipulation and order of the court, leaving American States and American Economy as the remaining Defendants in this action.

On July 16, 2001, the district court issued an order that granted in part the Estate's Motion for Partial Summary Judgment, having determined that the Umbrella policy provided the requisite coverage, and it certified the question of coverage under the Economy policy to the Ohio Supreme Court. However, the district court subsequently issued, *sua sponte,* an order to show cause, instructing the parties to brief the issue of whether the court had subject matter jurisdiction over the action, in light of a recently-decided case in that district. *See Kormanik v. St. Paul Fire & Marine Ins. Co.,* 208 F.Supp.2d 824 (N.D.Ohio 2001) (holding that a UM/UIM suit is a "direct action"). Both parties filed briefs arguing in favor of the district court finding subject matter jurisdiction.

On December 20, 2001, the district court dismissed the case for lack of subject matter jurisdiction, based on the reasoning in *Kormanik.* The district court subsequently denied the Estate's motion for reconsideration, in an order dated January 3, 2002. This timely appeal followed.

district courts. *Lee–Lipstreu v. Chubb Group of Ins. Cos.,* 329 F.3d 898, 899 (6th Cir.2003).

## II

We review a district court's dismissal of a case for lack of subject matter jurisdiction *de novo.* *Nichols v. Muskingum Coll.,* 318 F.3d 674, 677 (6th Cir.2003) (citing *Joelson v. United States,* 86 F.3d 1413, 1416 (6th Cir.1996)). In so doing, we review the district court's factual findings in resolving the jurisdiction issue for clear error only. *Id.* (citing *Jones v. City of Lakeland,* 175 F.3d 410, 413 (6th Cir.1999) (internal citations omitted)).

## III

■ Because the present cause of action is grounded in state law, the citizenship of the parties must be diverse in order for subject-matter-jurisdiction to exist. *See* 28 U.S.C. § 1332(a) (providing original jurisdiction over cases involving citizens of different states where the amount in controversy exceeds $75,000). Diversity jurisdiction requires the citizenship of the parties to be completely diverse. *See Safeco Ins. Co. of Am. v. City of White House, Tenn.,* 36 F.3d 540, 545 (6th Cir.1994) (citing *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). Moreover, in determining citizenship, a corporation is a citizen of the state where it is incorporated and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1).

In the present case, Jason was a citizen of Ohio, Defendants American States and American Economy are Indiana corporations with their principal places of business in Seattle, Washington, and the action seeks an amount exceeding $75,000 (thus satisfying the amount-in-controversy requirement).[3] *See* 28 U.S.C. § 1332(c)(2).

3. Specifically, the Estate sought the $2 million limit on the policies.

On its face, § 1332 jurisdiction has been established.

■ However, § 1332 further provides that "in any direct action against the insurer of a policy or a contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen." 28 U.S.C. § 1332(c)(1). If the present case is a "direct action" for purposes of § 1332(c)(1), then the citizenship of the named insured, Exchange Printing, would be imputed to Defendants. Exchange Printing is an Ohio citizen. Imputing Ohio citizenship to Defendants would, of course, destroy diversity jurisdiction for this lawsuit.

The district court below adopted the reasoning of *Kormanik,* which held that a UM/UIM claim is a "direct action." 208 F.Supp.2d at 826. *Kormanik* observed that Congress had amended § 1332(c) in response to certain state laws permitting plaintiffs to sue a liability insurance company in lieu of the tortfeasor directly, and reasoned that Congress' intent had been to prevent litigants from using "back door diversity" to flood the federal courts. *Id.* (quoting *Ford Motor Co. v. Ins. Co. of N. Am.,* 669 F.2d 421, 426 (6th Cir.1982)).

However, we recently have ruled that § 1332(c)(1) does not apply to *Scott–Pontzer* lawsuits because a suit seeking UM/UIM coverage under an employer's automobile insurance policy is not a "direct action." *Lee–Lipstreu v. Chubb Grp. of Ins. Cos.,* 329 F.3d 898, 899 (6th Cir.2003). Section 1332(c)(1) refers to situations where the plaintiff is suing the tortfeasor's insurer, rather than suing the tortfeasor directly, on the issue of liability. This makes logical sense, as § 1332(c)(1) evidently was enacted to prevent a plaintiff from end-running the diversity of citizen-

ship requirement (where the tortfeasor hails from plaintiff's state, but the tortfeasor's insurer does not) by suing the tortfeasor's insurer instead of the tortfeasor. *See Peterson v. TIG Specialty Ins. Co.,* 211 F.Supp.2d 1013, 1015 (S.D.Ohio 2002) ("[T]his direct action exception that destroys diversity exists only where a third-party tort victim forgoes suing the tortfeasor in favor of instead suing the tortfeasor's liability insurer directly. This is the universal rule.") (citing cases from the First, Third, and Eleventh Circuits).

As *Lee–Lipstreu* correctly noted, *Scott–Pontzer* claims do not fall into this category:

> This application of the direct action provision of § 1332(c)(1) ignores a fundamental component of a *Scott–Pontzer* claim—that the entire suit rests on the conclusion that the employee is the insured under the policy. Thus, in a *Scott–Pontzer claim,* the insured sues her own insurance carrier. The insured obviously is not joined as a party-defendant because the insured is the plaintiff. Applying the direct action provision to a dispute solely between an insured and her own insurance company would result in an absurdity—federal courts would never hear common insurance disputes because the insured and the insurer, the plaintiff and the defendant, would always be considered citizens of the same state.

*Lee–Lipstreu,* 329 F.3d at 899–900.

In the present scenario, the insured is not a tortfeasor, but rather Monahan's employer, and the Estate seeks to step into the shoes of the employer in suing the insurance company for UM/UIM coverage, not liability. This is perfectly consistent with the legislative intent surrounding the enactment of 28 U.S.C. § 1332(c)(1).

This case is not a "direct action." Therefore, the parties are diverse, and subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332. Because the district court erred in determining that subject matter jurisdiction did not exist, we reverse the district court's dismissal of the case and remand for a resolution on the merits.

## IV

For the foregoing reasons, we **REVERSE** the judgment of the district court and **REMAND** for further proceedings.

BATCHELDER, Circuit Judge, Concurring.

I write separately to provide two minor clarifications. First, contrary to the majority's suggestion, employees need not step into the shoes of their employers to sue as insureds in actions brought pursuant to the Ohio Supreme Court's decision in *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.*, 85 Ohio St.3d 660, 710 N.E.2d 1116 (1999), but rather employees are deemed to *be* insureds for the purposes of their employers UM/UIM policies by the operation of the rule in *Scott–Pontzer*. *Scott–Pontzer*, 710 N.E.2d at 1119. Second. while the majority is correct in stating that the employee may be entitled to UM/UIM coverage even when the policy does not provide for such coverage, the entitlement is not absolute, and may be rebutted by a "showing that underinsured coverage was offered and rejected...." *Id.* at 1120. With these two exceptions, I concur in the majority's opinion.