**Russell P. HIPKE and Helen M. Hipke, Plaintiffs,**

v.

**Gerald L. KILCOIN, Defendant.**

No. 8:02CV384.

United States District Court, D. Nebraska.

Sept. 2, 2003.

---

Dean F. Suing, Todd W. Weidemann, Katskee, Henatsch Law Firm, Omaha, NE, for Plaintiffs.

Patrick G. Vipond, Lamson, Dugan Law Firm, Omaha, NE, for Defendant.

Brian J. Brislen, Patrick G. Vipond, Lamson, Dugan Law Firm, Omaha, NE, for Employer's Reinsurance, Corporation.

## MEMORANDUM AND ORDER

BATAILLON, District Judge.

This matter is before the court on Employers Reinsurance Corporation's (ERC's), objection, Filing No. 10, to the magistrate's report and recommendation, Filing No. 9, in which the magistrate judge recommends that plaintiffs' motion to remand, Filing No. 4, be granted. ERC is the garnishee in this action. The court finds that ERC's objections to the magistrate's report and recommendation should be sustained in part and thus the court will not adopt the magistrate's report and recommendation.

The facts are set forth in the magistrate's order and need not be fully repeated here. The court generally adopts the factual findings of the magistrate, but disagrees with the application of the law to those facts. Briefly, the pleadings and evidence show that plaintiffs filed suit and obtained a tort judgment against defendant Gerald Kilcoin in the District Court of Holt County, Nebraska. *See* Filing No. 1. A summons and order of garnishment in aid of execution was issued to ERC, Kilcoin's insurer. *Id.* ERC removed the action to this court pursuant to 28 U.S.C. § 1441, premising jurisdiction on diversity of citizenship under 28 U.S.C. § 1332. *Id.* There is no dispute that plaintiffs are residents of Nebraska, as is defendant Kilcoin. ERC is a Missouri corporation with its principal place of business in Overland Park, Kansas. There is also no dispute that the amount in controversy exceeds $75,000. Plaintiffs seek a remand, claiming diversity jurisdiction does not exist between the parties in this action. *See* Filing No. 4.

In their motion to remand, plaintiffs contend that 28 U.S.C. § 1332(c)(1) operates to destroy diversity. That statute provides that "in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the inured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen." 28 U.S.C. § 1332(c)(1). ERC contends that the court should realign the parties by making defendant Kilcoin a plaintiff, thus leaving ERC as the sole defendant and creating diversity between the parties. It further argues that 28 U.S.C. § 1332(c)(1) does not apply because the action is not a "direct action."

In his report and recommendation, the magistrate recommended realignment of the parties noting that the interests of plaintiffs and Kilcoin are similar. The magistrate also found, however, that the action is a "direct action" under 28 U.S.C. § 1332(c)(1). The magistrate thus deemed ERC a citizen of Nebraska, destroying diversity, and recommended remand to

state court. *See* Filing No. 9. ERC objected to the magistrate's recommendation to remand. Filing No. 10.

The court has carefully reviewed the magistrate's report and recommendation and ERC's brief and index in support of their objection to the report, as well as briefs submitted by the parties on the motion to remand. Under 28 U.S.C. § 636(b)(1)(C), the court makes a de novo determination of those portions of the report or recommendations to which the parties object. *United States v. Lothridge,* 324 F.3d 599, 600–01 (8th Cir.2003).

■ The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction. *In re Bus. Men's Assurance Co. of Am.,* 992 F.2d 181, 183 (8th Cir.1993). Moreover, a district court is required to resolve doubts concerning federal jurisdiction in favor of remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London,* 119 F.3d 619, 625 (8th Cir.1997). Any case in which a United States District Court has original jurisdiction can be removed. 28 U.S.C. § 1441; *Gore v. Trans World Airlines,* 210 F.3d 944, 948 (8th Cir.2000). This court has original jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1) ("diversity jurisdiction"). A corporation is deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). In addition, "in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen." *Id.*

With due respect to the magistrate's careful analysis, the court disagrees in part with the magistrate's conclusions. No objection has been filed to the magistrate's finding that the parties should be realigned. The court agrees that the true controversy involved in the garnishment action is between plaintiffs (with or without defendant) and ERC. Accordingly, the court will adopt the magistrate's findings in this respect.

■ The court finds, however, that the magistrate's recommendation to remand this action to state court by operation of the proviso in 28 U.S.C. § 1332(c)(1) should not be adopted. The court finds the present action is not a "direct action" within the meaning of section 1332(c)(1). The proviso was enacted to keep ordinary state-court tort claims out of federal court. *See Northbrook Nat. Ins. Co. v. Brewer,* 493 U.S. 6, 10, 110 S.Ct. 297, 107 L.Ed.2d 223 (1989) (noting that "Congress added the proviso to § 1332(c) in 1964 in response to a sharp increase in the caseload of Federal District Courts in Louisiana resulting largely from that State's adoption of a direct action statute" whose effect was to "create diversity jurisdiction in cases in which both the tortfeasor and the injured party were residents of Louisiana, but the tortfeasor's insurer was considered a resident of another State"). "Congress' plain objective in amending § 1332(c) was to ensure that *'tort cases involving only local residents,* which in the other States would come within the exclusive jurisdiction of the State courts' would not appear in federal court." *Rosa v. Allstate Ins. Co.,* 981 F.2d 669, 678 n. 22 (2d Cir.1992), *quoting* S.Rep. No. 1308, 88th Cong., 2d Sess. 1 (1964), reprinted in 1964 U.S.C.C.A.N. 2778, 2779 (emphasis added in *Rosa* ). Nebraska law does not authorize such direct actions. *See Medical Protective Co. v. Schrein,* 255 Neb. 24, 582 N.W.2d 286, 291 (1998).

The essential feature of a tort "direct action" is that the insurer has been substituted as a party-defendant for the legally responsible insured. *Rosa*, 981 F.2d at 675 n. 10. The term "direct action" as used in 28 U.S.C. § 1332(c)(1) refers to a case "in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him." *Beckham v. Safeco Ins. Co. of Am.*, 691 F.2d 898, 901–02 (9th Cir.1982) (citations omitted); *accord McGlinchey v. Hartford Accident & Indem. Co.*, 866 F.2d 651, 653 (3d Cir.1989); *Fortson v. St. Paul Fire & Marine Ins. Co.*, 751 F.2d 1157, 1159 (11th Cir.1985). Thus, unless the cause of action against the insurance company is essentially the same claim that would seek liability against the insured, the action is not a direct action. *See Rosa*, 981 F.2d at 675.

The present action is a separate, independent contract action to enforce a judgment. The issue of ERC's liability under its contract of insurance is separate and distinct from the issues litigated in the state court proceeding. Garnishment actions against third parties are generally construed as independent suits, at least in relation to the primary action. *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir.1979); *Randolph v. Employers Mut. Liability Ins. Co.*, 260 F.2d 461 (8th Cir.1958) (finding as a matter of federal law that garnishment is a separate proceeding for removal purposes and noting that "[t]he only issue is the liability of the garnishee on its insurance contract. If the garnishee is liable, the amount of such liability has been established by the judgment against [the insured] in the state court action"). Such garnishment actions "are in effect suits involving a new party litigating the existence of a new liability." *Butler*, 592 F.2d at 1295–96. *See also Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir. 1996) (acknowledging that garnishment is a separate proceeding).

The court's conclusion rests on the distinction, recognized in case law, between a tort claim to determine liability and a contract claim to determine coverage. *See Searles v. Cincinnati Ins. Co.*, 998 F.2d 728, 729 (9th Cir.1993) (an insured's bad faith action against his insurer is not a "direct action" within the meaning of § 1332(c), limiting "direct actions" to cases in which "a plaintiff is entitled to bring suit against the tortfeasor's liability insurer without joining the insured"); *Rosa v. Allstate Ins. Co.*, 981 F.2d at 674–75 (an action by an injured automobile passenger against the automobile owner's no-fault insurer is not a "direct action" within the meaning of § 1332(c) because "[w]hereas a 'direct action' is a tort claim in which the insurer essentially stands in the shoes of its legally responsible insured, no-fault coverage is contractual in nature"); *White v. United States Fid. & Guar. Co.*, 356 F.2d 746, 747–48 (1st Cir.1966) (finding that section 1332(c) "refers only to cases brought by an alleged victim of a tort under a 'direct action' statute against the liability insurer of the alleged tortfeasor"); *Stockton v. General Accident Ins. Co.*, 897 F.2d 530, 1990 WL 20477 at *3 (6th Cir. 1990) (unpublished opinion) (holding that a garnishment lawsuit brought by judgment creditors against an insurer is not a direct action for purposes of Section 1332(c)). A garnishment action most likely involves determination of coverage under a contract of insurance. *See, e.g., Freeman v. Walley*, 276 F.Supp.2d 597, 599–602, 2003 WL 21954755, *2–5 (S.D.Miss. April 30, 2003). Accordingly, the action is in the same posture as either a declaratory judgment action on coverage, or an action in which an injured plaintiff has obtained an assignment of insurance rights from a tortfeasor, both of which could have been originally brought in federal district court, assuming

diversity. *See Evanston Ins. Co. v. Jimco, Inc.,* 844 F.2d 1185, 1189 (5th Cir.1988) (holding that 28 U.S.C. § 1332(c) does not bar a declaratory judgment action brought by an insurer seeking a declaration as to coverage—"the fact that an insurer is a 'direct' party does not make the litigation a 'direct action' ").

Where a tort action has already been litigated against the insured, the insurer is no longer litigating the issue of its insured's liability but is instead "litigating the existence of a new liability"—whether it owes a debt to its insured. *Butler v. Polk,* 592 F.2d at 1295–96. Once a plaintiff sues the tortfeasor and obtains a judgment, the judgment debtor has an interest in the policy if it provides coverage for the judgment. The insurer is then subject to suit to collect on the judgment because it holds an asset of the insured. The insurer is in no different posture from any other person or entity that holds assets of the judgment debtor.

The court thus concludes that § 1332(c)(1) does not apply, and that there is complete diversity of citizenship between the parties. Accordingly, the court finds jurisdiction is proper and defendant EMR is entitled to removal.

IT IS ORDERED:

1. ERC's objection to the magistrate's report and recommendation, Filing No. 10, is sustained;

2. The magistrate's report and recommendation, Filing No. 9, is adopted in part and denied in part;

3. Plaintiffs' motion to remand, Filing No. 4, is hereby denied;

4. This matter is referred to the magistrate judge for progression of the case.