**Lee W. STUBBINS, et al., Plaintiffs,**

v.

**NATIONWIDE AGRIBUSINESS INS. CO., Defendant.**

**No. 3:01CV7594.**

United States District Court,
N.D. Ohio,
Western Division.

Jan. 3, 2002.

Jan H. Stamm, Barber, Kaper, Stamm & Robinson, Wauseon, OH, for Lee W. Stubbins, Kellie Stubbins, Plaintiffs.

Scott A. Haselman, Robinson, Surphey & O'Connell, Toledo, OH, for Nationwide Agribusiness Insurance Company, Defendant.

## ORDER

CARR, District Judge.

This is a declaratory judgment action in which the plaintiff, who was injured in an automobile accident, has sued his employer's insurance carrier, seeking uninsured/underinsured motorists (UM/UIM) coverage. The carrier, which is neither incorporated in nor has its principal place of business in Ohio, removed the suit from the Fulton County, Ohio, Court of Common Pleas, where it had been initiated, to this court.

Pending is plaintiff's motion for remand. For the reasons that follow, the motion for remand shall be granted.

Plaintiff bases his remand motion on 28 U.S.C. § 1332(c)(1), which provides:

a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that *in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen,* as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

(Emphasis supplied).

 The insured (the Board of Education for the Toledo City School District) has not been joined in this case, so the first prerequisite mandated by § 1332(c)(1) has been met. The parties disagree about the other two requirements: namely, whether plaintiff's suit against his employer's insurance company is a "direct action," and, even if so, whether the policy on which plaintiff's claim is based is a "policy or contract of liability insurance."

If these requirements are met, § 1332(c)(1) requires remand to the state court, because the defendant insurance company then will be deemed, by operation of that provision, to be a citizen of Ohio. Because the plaintiff is also a citizen of Ohio, there will be no diversity of citizenship, and thus, no jurisdiction in this court.[1]

With regard to the issue of whether a claim such as that being raised here constitutes direct action, I agree with Judge O'Malley's discussion and conclusion in *Comella v. St. Paul Mercury Insurance Co.,* 177 F.Supp.2d 704, 707–08 (N.D.Ohio 2001), in which she stated:

The Sixth Circuit, examining the statute's language, held that "Congress, when it used the terms 'direct action' and 'liability insurance' in § 1332(c), did not intend the [language] to apply only to traditional tort claims." ... [*Ford Motor Co. v. Insurance Co. of North America,* 669 F.2d 421, 424 (6th Cir. 1982) (quoting *Aetna Cas. & Surety Ins. Co. v. Greene,* 606 F.2d 123, 126 (6th Cir.1979)) ]. The defendants cannot avoid the force of § 1332(c)(1) merely because [plaintiffs] do not bring the type

---

1. At least three other Judges of this District have concluded that so-called *Scott–Pontzer* claims (i.e., claims for UM/UIM coverage by an employee against his or her employer's insurance carrier), *see Linko v. Indemnity Ins. Co. of North America,* 90 Ohio St.3d 445, 739 N.E.2d 338 (2000); *Scott–Pontzer v. Liberty Mutual Ins. Co.,* 85 Ohio St.3d 660, 710 N.E.2d 1116 (1999), meet both requirements. *See Comella v. St. Paul Mercury Ins. Co.,* 177 F.Supp.2d 704 (N.D.Ohio 2001) (O'Malley, J.); *Kohus v. Hartford Ins. Co.,* No. 1:01CV01179, slip op. (N.D.Ohio Nov. 19, 2001) (Matia, C.J.), *Kormanik v. St. Paul Fire & Marine Ins. Co.,* No. 5:01CV02122, slip op. (N.D.Ohio Oct. 19, 2001) (Polster, J.).

of claim that the statute "traditionally" excludes from this Court's jurisdiction.

In a later case, the Sixth Circuit stated that "the term 'direct action,' as used in the [statute], means an action that under applicable state law may be brought directly against the insurer by the tort claimant prior to entry of any judgment against the alleged tortfeasor." *Stockton v. General Acc. Ins. Co.*, 1990 WL 20477, at *3 (6th Cir. Mar.6, 1990). In this case, the applicable state law, as set out by the Ohio Supreme Court in *Scott–Pontzer* and *Linko*, allows the plaintiffs (the Comellas) to bring an action against the defendant insurance companies (St. Paul and Guaranty National) prior to the entry of any judgment against the tortfeasor .... Thus, this case meets the Sixth Circuit's definition of a "direct action" under § 1332(c)(1).

(Footnote omitted).

Next, with regard to the question of whether this is an action on a policy of liability insurance, Judge O'Malley stated, and I agree:

> With regard to the defendants' assertion that, because the [plaintiffs] seek UM/UIM coverage and not "liability coverage," the statue [sic] does not apply, all of the cases cited by the defendants are factually distinct. In every case cited by defendants, a plaintiff sued his own insurer for an alleged failure to provide UM/UIM coverage, pursuant to a contract between them, signed by the plaintiff. Here, [plaintiffs] entered into no contract with the insurer defendants. Rather, they bring suit because [a] state statute, as interpreted by the Ohio Supreme Court in *Scott–Pontzer* and *Linko*, "permits a person claiming injury or damage arising from the ownership or use of a motor vehicle to sue [his employer's] insurer rather than the owner

or operator of the vehicle." *Ford*, 669 F.2d at 425. This statutory interpretation, like the no-fault statute examined in Ford, "represents a latter-day attempt by the state[ ] to improve the mechanism for recovery by those injured and damaged in accidents arising out of the use of motor vehicles." *Id.* at 425–26. In particular, the Ohio Supreme Court's statutory interpretation creates insurance coverage by operation of law, even though this "result ... was not intended by the parties to the insurance contracts at issue." *Scott–Pontzer*, 710 N.E.2d at 1120–21. In both the instant case and in *Ford*, state law allows a plaintiff to sue directly an otherwise unobligated insurer to recover the tortfeasor's liability. And, as in *Ford*, "[u]nless the proviso is held to apply, the same 'back door diversity' which Congress eliminated by the 1964 amendment [to § 1332] would be possible" in *Scott–Pontzer* cases. *Ford*, 669 F.2d at 425. *Id.*

I concur, accordingly, in the rationale and rulings of my colleagues in the Eastern Division: there is no diversity of citizenship in this case because plaintiff brings a direct action on a policy of liability coverage, and has done so without joining the insured.

It is, in light of the foregoing,

ORDERED THAT plaintiff's motion to remand this case to the Court of Common Pleas for Fulton County, Ohio, be, and the same hereby is, granted.

So ordered.