**Regina GRIFFIN, etc., Plaintiff,**

v.

**WAUSAU INSURANCE COMPANIES, et al., Defendant.**

**No. 3:01CV7611.**

United States District Court, N.D. Ohio, Western Division.

Feb. 15, 2002.

Michael J. Leizerman, Ronald F. Leonhardt, Law Office of E.J. Leizerman, Toledo, OH, for plaintiff, Regina Griffin, Individually and As Administrator of the Estate of deceased, Jamila Maddox.

Donald J. Moracz, Jeanne M. Mullin, Reminger & Reminger, Sandusky, OH, for defendant, Wausau Insurance Companies.

## MEMORANDUM OPINION

KATZ, District Judge.

This matter is before the Court on Plaintiff Regina Griffin's motion to remand (Doc. No. 8) this case to the Court of Common Pleas for Lucas County, Ohio. Because this Court lacks jurisdiction, the motion will be granted.

### BACKGROUND

On May 18, 1997, Jamila Maddox ("Maddox") suffered fatal injuries when the car in which she was a passenger was involved in an accident.[1] Maddox is survived by

---

1. Neither the driver of the car in which Maddox was a passenger nor the driver's insurance company is a party to this action.

her mother, Regina Griffin ("Griffin"), who is the Plaintiff in this action, both individually and as administrator of Maddox's estate. Maddox was an Ohio citizen, and Griffin is an Ohio citizen.

At the time of the accident, Maddox was employed by The Cobham Family, Inc. ("Cobham"). Cobham was insured by Defendant Wausau Insurance Companies ("Wausau"), under a Commercial General Liability Policy, Policy No. 086700003555 (the "Policy"). Wausau is a Wisconsin corporation. Wausau does not dispute that Cobham is an Ohio corporation with its principal place of business in Ohio.

■ On October 30, 2001, Griffin filed suit for benefits under the uninsured/underinsured motorist (UM/UIM) coverage provisions of the Policy issued to Cobham. Griffin also brought suit against her own employer's insurer, Zurich North America, a Pennsylvania corporation. Griffin claimed that she was entitled to coverage pursuant to the rule stated in *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.*, 85 Ohio St.3d 660, 710 N.E.2d 1116 (1999). *Scott–Pontzer* stands for the proposition that an employee may recover under the UM/UIM coverage of her employer's commercial automobile liability policy, even though the employee was not acting in the scope of employment at the time of her accident. In *Ezawa v. Yasuda Fire & Marine Ins. Co.*, 86 Ohio St.3d 557, 715 N.E.2d 1142 (1999), the Ohio Supreme Court, without comment, extended *Scott–Pontzer* to include coverage of the child of a covered employee.

On November 29, 2001, Wausau removed the action to this Court.[2] Jurisdiction was predicated on diversity, 28 U.S.C.

§ 1332. Griffin filed a motion to remand. She claims that complete diversity is destroyed by operation of 28 U.S.C. § 1332(c)(1), which, in certain situations, deems an insurance company to share the citizenship of its insured. If the statute were to operate as Griffin suggests, Wausau would be a citizen of both Wisconsin and Ohio. Wausau has opposed the motion, arguing that § 1332(c)(1) does not apply. Griffin has filed a reply, and the parties' contentions are addressed below.

## DISCUSSION[3]

Griffin claims that diversity is destroyed by 28 U.S.C. § 1332(c)(1), which provides,

(c) For the purposes of this section and section 1441 of this title—

(1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

28 U.S.C. § 1332(c)(1).

■ The Supreme Court has noted that the so-called "direct action exception" to diversity jurisdiction was enacted in an effort to trim the burgeoning dockets of district courts in Wisconsin and Louisiana, both of which were experiencing increased diversity filings due to state statutes that

---

**2.** In fact, the notice of removal appears to be procedurally defective for failure to include Zurich. *See Hanrick v. Hanrick,* 153 U.S. 192, 14 S.Ct. 835, 38 L.Ed. 685 (1894); *see also Mitchell v. Kentucky–American Water Co.,* 178 F.R.D. 140, 142 (E.D.Ky.1997); 16

MOORE'S FEDERAL PRACTICE, § 107.11(1)(c) (Matthew Bender 3d ed.2001).

**3.** The discussion in this case is drawn largely from *Butler v. Zurich American Ins. Co.,* 184 F.Supp.2d 695 (N.D.Ohio 2002) (Katz, J.).

permitted an injured party to sue an in-state tortfeasor's out-of-state insurer without joining the tortfeasor:

> Believing that such suits did "not come within the spirit or the intent of the basic purpose of the diversity jurisdiction of the Federal judicial system," S.Rep. No. 1308, [88th Cong.2d Sess.], at 7, Congress enacted the proviso "to eliminate under the diversity jurisdiction of the U.S. district courts, suits on certain tort claims in which both parties are local residents, but which, under a State 'direct action' statute, may be brought directly *against* a foreign insurance carrier without joining the local tort-feasor as a defendant[.]" *id.* at 1 (emphasis added).

*Northbrook Nat'l Ins. Co. v. Brewer,* 493 U.S. 6, 10, 110 S.Ct. 297, 299, 107 L.Ed.2d 223 (1989).

Wausau argues that § 1332(c)(1) is inapplicable to *Scott–Pontzer* actions for two reasons. First, it contends that Griffin's complaint does not constitute a "direct action." Second, it maintains that a policy providing UM/UIM coverage is not "a policy of liability insurance." [4]

### 1. Direct Action

█ Wausau claims that the general rule for identifying direct actions was set forth in *Vargas v. California State Auto. Ass'n Inter–Insurance Bureau,* 788 F.Supp. 462 (D.Nev.1992). In *Vargas,* the Court stated, "[T]his direct action exception that destroys diversity exists only where a third-party tort victim forgoes suing the tortfeasor in favor of instead suing the tortfeasor's liability insurer directly. This is the universal rule." *Id.* at 463 (citations omitted). If this rule were followed, then remand would clearly be

inappropriate, since Wausau is not the tortfeasor's insurer.

Examination of recent decisions in the Northern District of Ohio demonstrates that the rule stated in *Vargas* is not universal. On October 19, 2001, Judge Polster ordered remand in *Kormanik v. St. Paul Fire & Marine Ins. Co.,* No. 5:01CV2122 (N.D.Ohio Oct. 19, 2001), a *Scott–Pontzer* case with facts substantially similar to those in the instant case. In the wake of *Kormanik,* a number of other courts in the Northern District, including this one, have adopted similar reasoning when remanding *Scott–Pontzer* cases. *See Butler v. Zurich American Ins. Co.,* 184 F.Supp.2d 695 (N.D.Ohio 2002) (Katz, J.); *Stubbins v. Nationwide Agribusiness,* 181 F.Supp.2d 805 (N.D.Ohio 2002) (Carr, J.) (collecting cases); *Comella v. St. Paul Mercury Ins. Co.,* 177 F.Supp.2d 704, (N.D.Ohio 2001) (O'Malley, J.); *Kohus v. Hartford Ins. Co.,* No. 1:01CV01179 (N.D.Ohio Nov. 19, 2001) (Matia, C.J.); *but see Redmon v. Sumitomo Marine Mgmt. (USA), Inc.,* 179 F.Supp.2d 787 (N.D.Ohio 2001) (Aldrich, J.) (holding that *Scott–Pontzer* suit was not a direct action); *Fidelity & Guar. Ins. Underwriters, Inc. v. Nocero,* No. 1:01CV397 (N.D.Ohio Dec. 13, 2001) (Gaughan, J.) (same). Wausau has respectfully disagreed with the reasoning in *Kormanik.*

In *Kormanik,* the court recognized that the United States Court of Appeals for the Sixth Circuit applied a broad reading to the applicability of § 1332(c)(1) in the context of no-fault insurance policies in *Ford Motor Co. v. Insurance Co. of North America,* 669 F.2d 421, 424–25 (6th Cir. 1982). The *Ford* court noted that "[m]ost courts which dealt with [§ 1331(c)] in the

---

**4.** At the conclusion of its brief, Wausau also suggests that remand would violate the principles of due process and equal protection. Because Wausau has identified neither a sus-

pect class nor a fundamental right, and, in fact, has failed to provide any argument whatsoever on those points, they will not be addressed by the Court.

years immediately following its enactment tended to limit its application narrowly," *id.* at 424, but then stated that recent decisions in the Sixth Circuit had applied the jurisdiction-destroying section "more broadly than earlier decisions...." *Id.* The court cited with approval *Aetna Cas. & Surety Ins. Co. v. Greene*, 606 F.2d 123 (6th Cir.1979), in which the Court of Appeals "made clear that application of [§ 1332(c)] is not limited to traditional tort actions." *Ford*, 669 F.2d at 424 (citing *Greene*, 606 F.2d at 126). The *Ford* court continued:

> The impetus for the amendment [that resulted in the enactment of § 1332(c)] was the situation which resulted when Louisiana and Wisconsin departed from the traditional practice of treating the insured rather than the insurer as that real party in interest in automobile negligence cases. However, if its language encompasses other situations, we should not limit application of the amendment to the specific conditions which gave it birth....
>
> [I]n one respect no-fault insurance operates in exactly the same way as the Louisiana and Wisconsin direct action statutes—it permits a person claiming injury or damage arising from the ownership or use of a motor vehicle to sue the insurer rather than the owner or operator of the vehicle.... No-fault represents a latter-day attempt by the states to improve the mechanism for recovery by those injured or damaged in accidents arising out of the use of motor vehicles.

*Ford*, 669 F.2d at 425–26.

Such is the case here. In *Scott–Pontzer* the Supreme Court of Ohio identified a rule that allows a tort victim to sue an insurer rather than a tortfeasor. Given the clear language of § 1332(c) and the Sixth Circuit's expansive interpretation of

that language, Griffin's *Scott–Pontzer* suit against Wausau is a direct action.

### 2. Liability Insurance

■ Having determined that a *Scott–Pontzer* action is a "direct action," the Court must now decide whether an insurance policy providing UM/UIM coverage is "a policy of liability insurance" within the meaning of § 1331(c). Wausau argues that it is not, since UM/UIM does not conform with the definition of "liability insurance" adopted by the Sixth Circuit in *Greene:*

> The term "liability insurance" is applied to contracts which provide for indemnity against liability.... Liability insurance is that form of insurance by which the insured is indemnified against loss or liability on account of bodily injuries sustained by others, ... or in a broader sense, against loss or liability on account of injuries to property....

*Greene*, 606 F.2d at 126 (quoting *Vines v. United States Fidelity & Guar. Co.*, 267 F.Supp. 436, 437–38 (E.D.Tenn.1967)).

On this issue the Court agrees with the reasoning in *Comella v. St. Paul Mercury Ins. Co.*, 177 F.Supp.2d 704, (N.D.Ohio 2001):

> With regard to the defendants' assertion that, because the [plaintiffs] seek UM/UIM coverage and not "liability coverage," the statute does not apply, all of the cases cited by the defendants are factually distinct. In every case cited by the defendants, a plaintiff sued his *own insurer* for an alleged failure to provide UM/UIM coverage, *pursuant to a contract between them, signed by the plaintiff .....* In both the instant case and in *Ford*, state law allows a plaintiff to sue directly an otherwise unobligated insurer to recover the tortfeasor's liability.

*Id.* at 708, *quoted in Stubbins*, 181 F.Supp.2d at 806. *Scott–Pontzer* creates an

obligation sufficiently in the nature of liability insurance to be included in § 1332(c).

## CONCLUSION

Griffin has brought a direct action against an insurer on a policy of liability insurance without joining the insured as a party defendant. Pursuant to 28 U.S.C. § 1332(c)(1), Wausau must be deemed a citizen of the state of which its insured is a citizen. Maddox's employer and Wausau's insured, The Cobham Family, Inc., is a citizen of Ohio. Wausau must therefore be deemed a citizen of Ohio. Because Griffin is also a citizen of Ohio, complete diversity does not exist between the plaintiff and the defendant, and this Court has no basis for subject matter jurisdiction.

Plaintiff's motion for remand (Doc. No. 8) will be granted, and the matter remanded to the Court of Common Pleas for Lucas County, Ohio.

IT IS SO ORDERED.

## JUDGMENT ENTRY

For the reasons stated in the Memorandum Opinion filed contemporaneously with this entry, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Plaintiff's motion for remand (Doc. No. 8) is granted.

FURTHER ORDERED that this matter is remanded to the Lucas County Court of Common Pleas.