ACUITY, Plaintiff

v.

Jonathan E. McCULLEY, Defendant

No. 3:02CV7093.

United States District Court, N.D. Ohio, Western Division.

May 20, 2002.

Edward T. Sylvester, Walter R. Matchinga, Weston, Hurd, Fallon, Paisley & Howley, Cleveland, OH, for Acuity, Plaintiff.

Mark C. Brookes, Maney & Brookes, Columbus, OH, for Jonathan E. McCulley, Defendant.

ORDER

CARR, District Judge.

This is a declaratory judgment action seeking a declaration of the rights of the parties in light of the Ohio Supreme Court's decision in *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.*, 85 Ohio St.3d 660, 710 N.E.2d 1116 (1999). In that case the court held that, unless an insurer and its insured, where that insured is a business, otherwise agree, uninsured/underinsured motorists (UM/UIM) coverage is automatically provided by operation of law, and, moreover, the insured's employees also have UM/UIM coverage under the policy issued to their employer.

In this case the plaintiff Acuity is an insurance company that issued a policy to the employer of the defendant, Jonathan E. McCully. Under Ohio law, McCully may be an insured for purposes of UM/UIM coverage under the plaintiff insurance company's policy with McCully's employer.

Pending is defendant's motion to dismiss. For the reasons that follow, that motion shall be granted.

In this case, Acuity and McCully are citizens of different states. Whether there is diversity of citizenship must, however, be examined in light of my decision in *Stubbins v. Nationwide Agribusiness Ins. Co.*, 181 F.Supp.2d 805 (N.D.Ohio 2002).

In *Stubbins*, I held, as have some,[1] but not all[2] of my colleagues that a suit for

1. *See, e.g., Fellows–Knox v. Genesis Ins. Co.*, 201 F.Supp.2d 795 (N.D.Ohio 2002) (Dowd,

UM/UIM coverage based on *Scott–Pontzer* is a direct action on a policy of liability insurance, as to which, where the UM/UIM claimant-plaintiff and the insured are citizens of Ohio, this court does not have jurisdiction in light of the "diversity stripping" provision of 28 U.S.C. § 1332(c)(1).

In this case, the insured employer, Wyandot Dolomite, Inc., is a citizen of Ohio. Had this action been brought by McCully against Acuity, *Stubbins* would apply, and because McCully and his employer are citizens of Ohio, dismissal would be required.

The plaintiff insurance company seeks to use the mechanism of a declaratory judgment action to avoid the effect of *Stubbins*. This is apparent from the fact that its argument makes the same points that we made to and considered and rejected by me in *Stubbins*. To accept those arguments merely because this is a declaratory judgment action would be inconsistent with and have the effect of annulling *Stubbins*.

This I cannot do, in view of the fact that McCully's employer is a citizen of the state of Ohio. The insurance company is deemed to be in the shoes of its insured, Wyandot, for purposes of applying § 1332(c)(1), as I and some of my colleagues have interpreted that provision in *Scott–Pontzer* cases. There is, accordingly, no diversity of citizenship, and the complaint must be dismissed.[3]

In light of the foregoing, it is

ORDERED THAT the complaint be, and it hereby is dismissed for want of diversity of citizenship, and thus of jurisdiction.

So ordered.

---

J.); *Comella v. St. Paul Mercury Ins. Co.,* 177 F.Supp.2d 704, 707–08 (N.D.Ohio 2001) (O'Malley, J.); *Estate of Monahan v. American States Ins. Co.,* No. 5:00CV1191 (N.D.Ohio Dec. 20, 2001) (Economus, J.); *Kohus v. Hartford Ins. Co., Kohus v. Hartford Ins. Co.,* 1:01cv1179, 2001 WL 1850889 (N.D. Ohio, Nov 19, 2001) (Matia, C.J.); *Verhovec v. Wassau Ins. Co.,* No. 5:01CV662 (N.D.Ohio Nov. 11, 2001) (Polster, J.)

**2.** *See, e.g., Fidelity & Guaranty Ins. Underwriters, Inc. v. Nocero,* 2001 WL 1792447 (N.D.Ohio Dec. 13, 2001) (Gaughan, J.); *Redmon v. Sumitomo Marine Management (U.S.A.), Inc.,* 179 F.Supp.2d 787, 791–92 (N.D.Ohio 2001) (Aldrich, J.); *Gilger v. The Insurance Company of the State of Pennsylvania,* No. 1:01CV1172 (N.D.Ohio March 20, 2002); *Johnson v. Fireman's Fund Ins. Co.,* No. 1:01CV1063 (N.D.Ohio Jan. 15, 2002)

(Nugent, J.); *Bliss v. National Union Fire Ins. Co. of Pittsburgh, PA,* No. 1:01CV2046 (N.D.Ohio Nov. 11, 2001) (Wells, J.).

**3.** If the plaintiff takes an appeal from the dismissal of its complaint, I encourage the parties jointly to ask the Sixth Circuit to decide the appeal as expeditiously as possible. A final determination of the correct interpretation of the direct action exception to § 1332(c)(1) is a matter of great interest to litigants and judges in both the State and Federal Courts of Ohio, and an expeditious resolution of this issue would be welcome. The result—whatever it may be—will affect a substantial number of current and future litigants, and prompt adjudication of this issue can have a salutary effect that goes far beyond the interests of the parties to this particular litigation.