Tanya **BLATT**, et al., Plaintiff

v.

**PACIFIC EMPLOYERS INSURANCE CO., et al., Defendant**

No. 3:01CV7575.

United States District Court,
N.D. Ohio,
Western Division.

May 20, 2002.

---

Joseph T. Joseph, R. Jack Clapp, Law Office of R. Jack Clapp, Cleveland, OH, for Tanya Blatt, Brad Blatt, Plaintiffs.

Jennifer V. Sammon, Reminger & Reminger, Cleveland, OH, Michael L. Golding, Steven J. Forbes, Moscarino & Treu, Cleveland, OH, for Pacific Employers Insurance Company, Defendant.

Jennifer V. Sammon, Reminger & Reminger, Cleveland, OH, for Harsco Corp., Defendant.

## ORDER

CARR, District Judge.

This is an action based on the Ohio Supreme Court's decision in *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.*, 85 Ohio St.3d 660, 710 N.E.2d 1116 (1999). In that case the court held that, unless an insurer and its insured, where that insured is a business, otherwise agree, uninsured/underinsured motorists (UM/UIM) coverage is automatically provided by operation of law, and, moreover, the insured's employees also have UM/UIM coverage under the policy issued to their employer.

There is diversity of citizenship between the plaintiffs and the defendant Pacific Employers Insurance Company. The issue of diversity must, however, be examined in light of my decision in *Stubbins v. Nationwide Agribusiness Ins. Co.*, 181 F.Supp.2d 805 (N.D.Ohio 2002).

In *Stubbins*, I held, as have some,[1] but not all[2] of my colleagues that a suit for UM/UIM coverage based on *Scott–Pontzer* is a direct action on a policy of liability insurance, as to which, where the UM/UIM claimant-plaintiff and the insured are citizens of Ohio, this court does not have jurisdiction in light of the "diversity stripping" provision of 28 U.S.C. § 1332(c)(1). The defendant insurance company in *Stubbins* was a citizen of Ohio.

In this case the insured, which is likewise not a citizen of Ohio, has been joined as a defendant. There is, accordingly, complete diversity between the parties. In light of that fact, jurisdiction shall be retained, and this case shall proceed in accordance with the case management order entered on February 28, 2002.

It is, therefore,

---

1. *See, e.g., Fellows–Knox v. Genesis Ins. Co.*, 201 F.Supp.2d 795 (N.D.Ohio 2002) (Dowd, J.); *Comella v. St. Paul Mercury Ins. Co.*, 177 F.Supp.2d 704, 707–08 (N.D.Ohio 2001) (O'Malley, J.); *Estate of Monahan v. American States Ins. Co.*, No. 5:00CV1191 (N.D.Ohio Dec. 20, 2001) (Economus, J.); *Kohus v. Hartford Ins. Co., Kohus v. Hartford Ins. Co., 1:01CV1179*, 2001 WL 1850889 (N.D. Ohio, Nov 19, 2001) (Matia, C.J.); *Verhovec v. Wassau Ins. Co.*, No. 5:01CV662 (N.D.Ohio Nov. 11, 2001) (Polster, J.)

2. *See, e.g., Fidelity & Guaranty Ins. Underwriters, Inc. v. Nocero*, 2001 WL 1792447 (N.D.Ohio Dec. 13, 2001) (Gaughan, J.); *Redmon v. Sumitomo Marine Management (U.S.A.), Inc.*, 179 F.Supp.2d 787, 791–92 (N.D.Ohio 2001) (Aldrich, J.); *Gilger v. The Insurance Company of the State of Pennsylvania*, No. 1:01CV1172 (N.D.Ohio March 20, 2002); *Johnson v. Fireman's Fund Ins. Co.*, No. 1:01CV1063 (N.D.Ohio Jan. 15, 2002) (Nugent, J.); *Bliss v. National Union Fire Ins. Co. of Pittsburgh, PA*, No. 1:01CV2046 (N.D.Ohio Nov. 11, 2001) (Wells, J.).

ORDERED THAT prior schedule be, and the same hereby is confirmed.

So ordered.